UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ANGEL LEARNING, INC.,

         Plaintiff,

    v.              6:10-MC-0014
                       (DNH/GHL)
HOUGHTON MIFFLIN HARCOURT
PUBLISHING COMPANY,

         Defendant.
_____

APPEARANCES:             OF COUNSEL:

BARNES & THORNBURG, LLP      GERALD O. SWEENEY, JR., ESQ.
Attorneys for Plaintiff
One North Wacker Drive
Suite 4400
Chicago, IL 60606

BUSINESS LITIGATION ASSOCIATES, P.C.  IRWIN B. SCHWARTZ, ESQ.
Attorneys for Defendant
400 Blue Hill Drive, Suite 2
Westwood, MA 02090

GEORGE H. LOWE, United States Magistrate Judge

**<u>ORDER</u>**

  Litigation between these parties is pending in the Southern District of Indiana. Dkt. No 1-2, at 1. [1] In connection with that litigation Plaintiff ANGEL Learning, Inc., caused a subpoena *duces tecum* to be served upon Bank of America in Utica, New York. Dkt. No. 1-1, at 11-17. Defendant Houghton Mifflin Harcourt Publishing Company moved in this Court, pursuant to Fed. R. Civ. P. 26(c) and 45(c), for an order quashing the subpoena. Dkt. No. 1. Plaintiff opposed the motion. Dkt. No. 5.

---

  [1] The page references in this Order are those assigned by the electronic filing electronic.

The burden here is upon Defendant. 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2463.1 (3d ed. 2008). Bank of America apparently has asserted no objections to the subpoena. The Court will assume *arguendo* that Defendant has standing to make this motion.

Defendant argues that the documents Plaintiff seeks pursuant to the subpoena are irrelevant to any claim or defense pending in the Indiana litigation. However, Defendant acknowledges the "broad scope of discovery permitted by Fed. R. Civ. P. 26(b)(1)". Dkt. No. 1-1, at 5. Given this broad scope, the Court would find the requested documents relevant even apart from Defendant's counterclaim for unjust enrichment. With respect to the counterclaim, the Court agrees with Plaintiff that the requested documents are "directly relevant to [Defendant's] claim for unjust enrichment and [Plaintiff's] defense of unclean hands". Dkt. No. 5, at 6.

Accordingly, it is hereby

**ORDERED**, that Defendant's motion to quash (Dkt. No. 1) is **DENIED**.

Dated: April 8, 2010
Syracuse, New York

George H. Lowe
United States Magistrate Judge